**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 20-160-DLB-EBA**

**CSX TRANSPORTATION, INC.**                                                               **PLAINTIFF**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**IPSCO TUBULARS, INC.**                                                                   **DEFENDANT**

*** *** *** ***

This matter is before the Court upon Plaintiff CSX Transportation's Motion for Summary Judgment. (Doc. # 47). Defendant IPSCO Tubulars filed a Response and CSX filed its Reply. (Docs. # 50 and 53). The Motion is now ripe for review. For the reasons stated herein, CSX's Motion for Summary Judgment (Doc. # 47) will be **denied**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This is a suit for nonpayment of fees charged to a railroad customer who held the railroad's freight cars for too long. CSX Transportation, the railroad, brought this suit against IPSCO Tubulars, Inc., the customer, for nonpayment of demurrage fees, excess detention charges, and freight charges totaling at least $435,290 as well as late fees and finance charges of over $162,550 as of May 18, 2022.[1]  (Doc. # 47 at 1).

"Demurrage is an expense shippers incur for retaining rail cars beyond the 'free time' period." *Cleveland Elec. Illuminating Co. v. ICC*, 685 F.2d 170, 171 (6th Cir. 1982);

---

[1] In its Motion for Summary Judgment, CSX refers to demurrage fees and excess detention charges together as "Demurrage Charges." (*See, e.g.*, Doc. # 47 at 2). For clarity the Court will refer to "demurrage fees" and "excess detention charges" separately. Freight charges are not a form of demurrage at all but are their own third category.

1

*see also Certain Underwriters at Lloyd's - Syndicate 457 v. Glob. Team, USA, LLC*, No. 19-CV-13654, 2022 WL 1734938, at *2 n.3 (E.D. Mich. Mar. 16, 2022). The "free time" period allows a merchant reasonable time to load or unload a rail car before incurring charges. *Cleveland Elec.*, 685 F.2d at 171 n.1. After the free days are over, the merchant begins accruing demurrage fees for each additional day the rail car is not returned to the railroad company—known as debit days.

Here, CSX adds up the number of debit days accrued each month by each customer, subtracts their free days, and charges the appropriate demurrage rate for those outstanding debit days. (Doc. # 47 at 3-4). These fees are set by the railroad's tariff or by agreement between the railroad and the merchant. CSX charges several fees. The tariff establishes a demurrage fee of $150/day and allows a single free day for the merchant to either unload a full car or load an empty car before charges accrue. (Doc. # 47 at 3-4). Excess detention charges, which begin to accrue once a rail car has been held for ten days, begin on the eleventh day and are $100/day on top of the normal demurrage charges. (*Id*.). Customers are also charged late fees of 10% and finance charges of 12% on unpaid and undisputed bills. (*Id.* at 4). Finally, when CSX transports IPSCO's products to a customer and the customer refuses the products as unsatisfactory, that return freight bill is paid by IPSCO. (*Id*. at 6-7).

II.  **ANALYSIS**

    A.  **Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where "the evidence is such

2

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party moving for summary judgment "bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Plant v. Morton Int'l Inc.*, 212 F.3d 929, 934 (6th Cir. 2000)).  In deciding a motion for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Following the Court's review of the record, if a "rational factfinder could not find for the nonmoving party, summary judgment is appropriate." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

### B.   Plaintiff's Motion

This case involves in excess of 500 CSX rail cars.  CSX asserts that IPSCO owes demurrage alone or both demurrage and excess detention charges on all of them, plus an additional amount in unpaid freight charges.  (*See generally* Doc. # 47).  It requests summary judgment on the entire amount.  (*Id*. at 20).  Each of the parties kept their own record of which rail cars were placed on IPSCO's tracks and for how long.  CSX asserts that, in most cases, these logbooks agree and it should therefore receive partial summary judgment on the fees for those rail cars.  (*Id*. at 2).  However, given the current record and the lack of agreement from IPSCO that the parties' logbooks match at all, the Court does not believe it would be appropriate to dissect the invoices line-by-line to grant full or partial summary judgment on the more than 500 individual rail cars at issue.  Therefore, the Motion for Summary Judgment will be **denied**.

### 1. *CSX's Filing of a Separate Statement of Facts*

In filing their Motion for Summary Judgment, CSX placed most of the facts section of the Motion in a separate attached document styled a "Rule 56.1 Statement of Facts." (*See* Doc. # 47-1). IPSCO objects, arguing that this is an attempt to get around the 25-page limit imposed by LR 7.1. (Doc. # 50 at 3-4). CSX offers no reply.

CSX references a Local Rule 56.1 as justification for attaching a separate statement of facts, but the Eastern District of Kentucky does not have such a rule. Other districts do. The separately filed statement of facts is therefore not permitted by this Court's procedure and will be disregarded. However, CSX did not entirely rely on this mistaken understanding of the Local Rules and included sufficient facts in its Motion that the Court can proceed to evaluate the Motion for Summary Judgment on the merits.

### 2. *Compliance of CSX's Invoices with 49 C.F.R. § 1333.4*

IPSCO argues that it should not be required to pay any invoices from CSX that did not comply with new regulations from the Surface Transportation Board ("STB"), specifically 49 C.F.R. § 1333.4. (Doc. # 50 at 20-21). CSX responds that this new STB regulation does not apply to these invoices because it was promulgated on April 6, 2021, and became effective on October 16, 2021—well before the invoices at issue were accrued or issued. (Doc. # 53 at 3).

On this point CSX is correct. "Retroactivity is not favored in the law." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). Therefore, "administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id*. Nothing in the STB regulation explicitly makes it retroactive, and certainly nothing in the operative language implies or requires such a finding. *See* 49 C.F.R. § 1333.4.

4

Therefore, IPSCO's argument that CSX must comply with the rule is without merit and the invoices are valid.

### 3. Sufficiency of the Evidence

From here, the parties descend into a morass of strident arguments and extensive record citations. After scrupulously examining the record and summary judgment briefing, the Court is left with the conclusion that the matter is, as they say, as clear as mud. Because material issues of fact exist, the motion must be denied.[2]

The parties' disagreements begin around whether IPSCO's logbook is admissible to challenge CSX's own records, and whether IPSCO should be allowed to contest invoices in court that it either failed to contest as required by the tariff or contested as required but lost. (*See* Docs. # 47 at 12-17; 50 at 5-20, 22-23; 53 at 4-15). The parties then, of course, disagree on whether summary judgment is appropriate.

The Court need not opine on any of these issues because they do not affect the underlying lack of a sufficient record on which to grant summary judgment. For example, if IPSCO's logbook is admissible, a finding of summary judgment would still require the Court to go line-by-line through the contested invoices and determine which rail car line items were corroborated by IPSCO's records, granting summary judgment on some rail cars and not others. This case is not a matter of simply granting summary judgment on entire invoices. Issues such as how the parties log information in their record books, what procedures were or were not followed, and whether the respective logbooks are even

---

[2] At least one other district court has granted partial summary judgment in a similar matter with the same Plaintiff, however there are material differences with that case that dictate against following its lead. *See CSX Transp. Inc. v. Schuykill Rail Car Inc.,* No. 1:13-CV-1409, 2014 WL 2864781 (M.D. Pa. June 24, 2014). In that case, the parties disputed entire invoices, not individual line items on each invoice. *Id*. at *5. Additionally, the parties agreed that roughly half the invoices were not contested. *Id*. No such agreement exists here.

5

trustworthy in the first place would all be relevant to such a disposition. The Court lacks any such information. Put simply, the record does not contain sufficient evidence to effectively determine which rail car fees, if any, IPSCO should pay. Therefore, the issue of whether IPSCO's logbook is admissible will be left for another day.

Further, IPSCO argues that its course of dealing with CSX effectively modified the tariff's time limits on contesting an invoice. (Doc. # 50 at 24-25). Whether IPSCO's argument is true is a question for the jury. *See CSX Transp. Inc. v. Schuykill Rail Car Inc.,* No. 1:13-CV-1409, 2014 WL 2864781, at *6 (M.D. Pa. June 24, 2014) ("[T]he court concludes that the record contains sufficient evidence for a reasonable jury to find that the parties' course of conduct permitted Defendant to submit disputes as to the validity of submitted invoices beyond the sixty day window."). With this issue outstanding, summary judgment is inappropriate.

### III. CONCLUSION

Thus, for the reasons set fprth herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Summary Judgment (Doc. # 47) is **denied**; and

(2) This matter is set for a **Telephonic Status Conference on March 1, 2023 at 2:00 p.m. in Covington**. The parties **must dial in to this conference at least five (5) minutes before the scheduled time** by following these steps:

- Call AT&T Teleconferencing at 1-877-336-1839; and
- Enter access code 8854898.

6

This 15th day of February, 2023.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\Cov2020\20-160 MOO on MSJ.docx